UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HITHAM ABUHOURAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 11-0271 (ESH) |
| ) | |
| **UNITED STATES** ) | |
| **STATE DEPARTMENT,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In this action brought *pro se*, defendant State Department ("DOS") moves to dismiss the amended complaint or for summary judgment on the remaining claim brought under the Freedom of Information Act ("FOIA"), 5 USC § 552. *See* Order (Feb. 11, 2011) [Doc. # 6] (severing Counts 1-9 of the Complaint and transferring the action comprised of those counts to the Middle District of Pennsylvania). Upon consideration of the parties' submissions and the relevant parts of the record, the Court will grant defendant's dispositive motion and enter judgment accordingly.

### BACKGROUND

The FOIA claim arises from plaintiff's request of April 9, 2006, for "[a]ll documents related to the extradetion [sic] request that was initiated by the U.S. attorney [sic] office in Philadelphia to extradite Adma Abuhouran from the Republic of Lebanon to the United States." (Declaration of Margaret Grafeld ("Grafeld Decl.") [Doc. # 26-3], Ex. 1.) On June 6, 2006, defendant's Office of Information Programs and Services ("IPS") informed plaintiff, *inter alia*,

that his request was being processed and that the Department of Justice ("DOJ") may also have responsive records that he could request directly from DOJ. (*Id.*, Ex.3.) On July 2, 2007, IPS informed plaintiff that it had located five documents in its Central Foreign Policy Records that would require interagency coordination prior to a final determination, and that it was also searching the files of the Office of Legal Adviser ("OLA"). (*Id.*, Ex 5.) On May 30, 2008, in response to plaintiff's inquiry of April 22, 2008, defendant informed plaintiff that the processing of the five retrieved documents was "still ongoing" and that a search of the OLA's files was "pending." (*Id.*, Ex. 7.)

Plaintiff filed this action on January 31, 2011. On July 19, 2011, defendant informed plaintiff that it had located a total of 21 responsive documents, of which two were released completely, 13 were released with redactions, and three were withheld completely. (Grafeld Decl. ¶ 11.) In addition, defendant referred three documents to DOJ for a direct response to plaintiff. (*Id*. & Ex 8.) DOS withheld information under FOIA exemptions 1, 5, 6 and 7 (Grafeld Decl. ¶¶ 17-30 & "Narrative *Vaughn* Index" ¶¶ 31-66.) *See* 5 U.S.C. § 552(b). On September 29, 2011, DOJ's Criminal Division informed plaintiff that it was withholding in their entirety "elevan [sic] pages of documents" referred by DOS under FOIA exemptions 6 and 7(C) because they "concern[ed] law enforcement records about a third party" and plaintiff had not "furnished a written release from Ms. Abuhouran authorizing us to release records about her [or] proof of her death." (Declaration of Kristin L. Ellis ("Ellis Decl.") [Doc. # 26-4], Ex. 2.) On October 26, 2011, plaintiff filed an amended complaint, joined by his sister Adma J. Abuhouran [Doc. # 23].

**LEGAL STANDARD**

The Court is authorized under the FOIA "to devise remedies and enjoin agencies . . . if the agency has [improperly withheld agency records]." *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see* generally *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

**DISCUSSION**

**I. STANDING TO SUE**

As an initial matter, DOS correctly argues in reply to the addition of Adma Abuhouran to the amended complaint as a plaintiff that she has no legal standing to prosecute this FOIA action because she was not a party to the underlying FOIA request.  *See Feinman v. FBI*, 680 F. Supp. 2d 169, 172-76 (D.D.C. 2010) (concluding "that standing under FOIA is limited to the person

3

who made the initial request."). Therefore, the Court will grant defendant's motion to dismiss the amended complaint brought by Adma Abuhouran under Rule 12(b)(1) for lack of standing.[1] *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction.").

## II. DOS' WITHHOLDING OF RESPONSIVE MATERIAL

Plaintiff challenges DOS' delay in providing records and its withholding of records. *(See generally* Pl.'s Reply and Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") [Doc. # 32].) Once an agency discloses requested records, the statutory response deadlines are no longer relevant.[2] *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of*

---

[1] DOS recently notified the Court that it had located a letter from Adma Abuhouran dated November 4, 2011, "purporting to authorize her consent to disclose personal records about herself to her co-Plaintiff . . . ." (Notice of Correspondence With Adma J. Abuhoran [Doc. # 36].) DOS has replied, however, that "the letter was legally insufficient to provide third party authorization for disclosure of personal records." (*Id.*) (citing attached Declaration of Sheryl L. Walter). This additional information does not cure the jurisdictional defect as to Adma because an agency's disclosure obligations are triggered by a request "made in accordance with published rules . . . and procedures to be followed . . .," 5 U.S.C. 552(a)(3)(A), which is not the case with regard to her records. Moreover, while the exhaustion of administrative remedies under the FOIA is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if, as the Court would find here, a merits determination with regard to records about Adma would undermine exhaustion principles. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). The disposition of this case does not preclude plaintiff from resubmitting his request to DOS with the proper waiver or Adma from submitting a request to DOS for her own records.

[2] An agency's timing is relevant for purposes of bringing a lawsuit under the FOIA's constructive exhaustion provision where a FOIA requester is "deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

*U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*). Therefore, plaintiff has stated no claim for relief based on the agency's delayed disclosures.

Plaintiff does not challenge any of DOS' specific withholdings but rather "request[s] that the defendant[] provide full disclosure of the information requested without any redacting or missing pages." (Pl.'s Opp'n at 3.)  While the Court does not find that plaintiff has conceded DOS' motion, it does find that he has conceded DOS' arguments with regard to each claimed exemption. *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded[.]") (citations omitted); *see also* Order (Nov. 10, 2011) [Doc. # 27] (advising plaintiff, as a *pro se* litigant, about responding to defendant's dispositive motion).  Hence, the Court need only decide whether DOS has satisfied its burden of justifying its decision to withhold information. *See McGrady v. Mabus*, 535 F. Supp. 2d 6, 12 (D.D.C. 2009) ("In a FOIA case, the district court conducts a de novo review of the government's decision to withhold requested documents under any of the statute's nine exemptions.")

Exemption 1

FOIA Exemption 1 permits the withholding of records "specifically authorized under criteria established by an Executive order [E.O.] to be kept secret in the interest of national defense or foreign policy and . . . properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1).  Defendant states that the withheld material "continues to meet the classification criteria of [E.O.] 13526," which "is classified Confidential." (Grafeld Decl. ¶ 18.)  The

confidential label is attached "to information, the unauthorized disclosure of which reasonably could be expected to cause damage to the national security that the original classification authority is able to identify or describe." (*Id*.)

Defendant withheld portions from a two-page telegram (Doc. No. E 03) sent from the American Embassy in Beirut to DOS that were "originally and currently classified confidential" under sections 1.4(b) and (d) of E.O. 13526 *(id*. ¶ 38), and a two-page telegram (Doc. No. E 04) in its entirety.[3]  (*Id*. ¶ 43.)  Grafeld describes the withheld material as "[i]nformation that the U.S. Government obtained in confidence from foreign government officials . . .," *id*. ¶ 20, meeting the criteria set forth at section 1.4(b) of the E.O. for foreign government information. (*Id*. ¶ 20.)   The Court is satisfied from Grafeld's detailed description of the information redacted from Doc. No. E 03 (*id*. ¶¶ 39-41) and her description of the information contained in the withheld Doc. No. E 04 *(id*. ¶ 44) that DOS properly invoked exemption 1.  *See Fischer v. U.S. Dep't of Justice*, 723 F. Sup. 2d 104, 112 (D.D.C. 2010) (recognizing the "substantial weight" accorded agency declarations with respect to exemption 1 claims) (quoting *Krikorian v. Dep't of State*, 984 F.2d 461, 464 (D.C. Cir. 1993)) (other citations omitted).   Therefore, DOS is entitled to summary judgment on its invocation of exemption 1.

Exemption 5

FOIA Exemption 5 allows an agency to withhold "inter-agency or intra-agency

---

[3]  DOS also redacted from paragraph 4 of the released Doc. No. E 03 the name of "a US individual" planning a "private visit" under FOIA exemption 6 because it asserts that disclosure of the name would constitute "a clearly unwarranted invasion of personal privacy." (Grafeld Decl. ¶ 41.)  DOS properly applied exemption 6 to such information.  *See supra*.

memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *see NLRB v. Sears*, 421 U.S. 132, 154 (1975). Among the privileges incorporated by FOIA Exemption 5 are the "deliberative process" privilege and the "attorney work-product" privilege. *Klamath*, 532 U.S. at 8. The attorney work-product privilege protects materials not normally discoverable and "enables a lawyer to develop his mental impressions and legal theories without fear of having his adversaries rummage through them at leisure." *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 126 (D.C. Cir. 1987) (internal citations omitted). "The privilege is, however, limited to documents prepared in anticipation of litigation." *Id*.

Defendant withheld under this exemption, in conjunction with exemptions 6 and 7, "information . . . that details legal advice given by attorneys of the Office of the [Le]gal Adviser . . . to officials in offices in the Department and at embassies abroad concerning the transport of an accused felon to the United States." (Grafeld Decl. ¶ 23; *see id*. ¶¶ 31-32, 34, 36, 49-50, 52-53, 55-56, 58, 61-62, 64-65) (describing a handwritten note, e-mails, telegrams, and a draft of an outgoing cable as attorney work product.) With the exception of two documents, DOS withheld portions of released records under this exemption. The Court finds that DOS properly invoked exemption 5 and, thus, is entitled to summary judgment on this claim.

Exemption 6

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that "applies to a particular individual" qualifies for consideration under this exemption. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc); *Chang v. Dep't of Navy*, 314 F. Supp.2d 35, 42-43 (D.D.C. 2004). Because the requested information pertains to a criminal extradition, the Court will address the propriety of DOS's withholdings under the "somewhat broader" protection of exemption 7(C). *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (citation omitted).[4]

Exemption 7

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). In order to withhold materials properly under exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of exemption 7. *See Pratt v. Webster,* 673 F.2d 408, 413

---

[4] Both exemptions 6 and 7(C) require the balancing of the strong privacy interests in the nondisclosure of third-party records against any asserted public interests in their disclosure. The analysis is the same under both exemptions. *Cf. Chang v. Dep't of Navy*, 314 F. Supp. 2d 35, 43 (D.D.C. 2004) (exemption 6) *with Blanton v. U.S. Dep't of Justice*, 63 F. Supp.2d 35, 45 (D.D.C. 1999) (exemption 7(C)); *see also Beck,* 997 F.2d at 1491 (although the "protection available under these exemptions is not the same, . . . [t]he same [balancing] standard" applies); *accord Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108 (D.C. Cir. 2004) ("This court has deemed the privacy inquiry of Exemptions 6 and 7(C) to be essentially the same[.]") (citing cases).

(D.C. Cir. 1982). In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted). The threshold law enforcement requirement is satisfied because the request seeks records pertaining to an extradition to answer to a criminal charge. *See* Grafeld Decl. ¶ 23 (describing requested records as "concerning the transport of an accused felon to the United States.").

Exemption 7(A)

FOIA Exemption 7(A) shields from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records could . . . interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). For the exemption to apply, the agency is required to show only that disclosure of records would interfere with a "concrete prospective law enforcement proceeding." *Carson v. U.S. Dep't of Justice*, 631 F.2d 1008, 1018 (D.C. Cir. 1980). Exemption 7(A) is properly applied to criminal investigative files of an ongoing criminal investigation. *Delviscovo v. FBI*, 903 F. Supp. 1, 3 (D.D.C. 1995).

Grafeld states that exemption 7(A) was applied in conjunction with exemption 5 to a handwritten note that was withheld in its entirety. In addition to the attorney work product contained in the note, Grafeld states that the note "reflects an ongoing law enforcement issue and potential strategies for handling the issue the release of which could hamper an ongoing law enforcement action." (Grafeld Decl. ¶ 50.) DOS has properly invoked exemption 7(A) and, thus, is entitled to summary judgment on this exemption.

Exemption 7(C)

Exemption 7(C) protects from disclosure records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The D.C. Circuit has consistently held that exemption 7(C) protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants, *see Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases), and has determined that such third-party information is "categorically exempt" from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995); *accord Fischer v. U.S. Dep't of Justice*, 596 F. Supp.2d 34, 46 (D.D.C. 2009).

In order to demonstrate an overriding public interest in disclosure, plaintiff must show that the withheld information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); *accord SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government

impropriety might have occurred." *Id*. Otherwise, the balancing requirement does not come into play. *See id.* at 175; *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("Unsubstantiated assertions of government wrongdoing-- *e.g.*, regarding the seizure of Boyd's jailhouse phone conversations, lies by the prosecutor, and alleged perjury by a U.S. Marshal--do not establish 'a meaningful evidentiary showing.'") (quoting *Favish*, 541 U.S. at 175).

DOS properly withheld third-party identifying information under exemption 7(C), and exemption 6, *see* Grafeld Decl. ¶¶ 31, 34, 47, 53, 56, 58-59, 62, and plaintiff has not argued the existence of an overriding public interest to compel disclosure of the otherwise exempt information. Hence, the Court will grant summary judgment to DOS on its invocation of exemptions 6 and 7(C).

Record Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). The district court in a FOIA case has "an affirmative duty to consider the segregability issue sua sponte," *Trans- Pacific Policing Agreement*, 177 F.3d at 1028, particularly when, as here, records are withheld in their entirety.

Grafeld states that "each and every document [was reviewed] on a line-by-line basis, and only "exempt information" was withheld. (Grafeld Decl. ¶ 68.) Furthermore, the Court is satisfied from the Grafeld declaration that three records, Nos. E 04, L 01, and L 35, were

properly withheld in their entirety. (*See* Grafeld Decl. ¶¶ 43, 49, 64.) Hence, the Court concludes that DOS disclosed all reasonably segregable information to plaintiff.

### III.  DOJ'S WITHHOLDING OF REFERRED RECORDS

Invoking personal privacy exemptions 6 and 7(C), DOJ categorically denied "access to records" DOS had referred to the Criminal Division concerning "third party Adma Abuhouran." (Ellis Decl. ¶ 13.) Although Adma has a public record of a criminal prosecution and conviction, (*id*. ¶ 13), she maintains a strong privacy interest "in avoiding disclosure of personal matters, and controlling information concerning . . . her person." *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1125 (D.C. Cir. 2004) (citation and internal quotation marks omitted). This is so because a  release under the FOIA is not only made to the requester but "must be made available to the public as a whole[.]" *Stonehill v. I.R.S.*, 558 F.3d 534, 539 (D.C. Cir. 2009) (citation omitted). Thus, DOJ properly invoked exemptions 6 and 7(C) to deny third-party records to plaintiff in the absence of Adma's written consent to disclosure of her non-public records or plaintiff's showing of an overriding public interest in their disclosure. (*See* Ellis Decl. ¶¶ 12-13.)

The Court's approval of DOS's invocation of exemptions 6 and 7(C) applies equally to DOJ. Therefore, the Court finds no improper withholding stemming from DOS' referral of records to DOJ. *See Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1118 (D.C. Cir. 2007) ("agency may acquit itself [of obligation to disclose records originating with another agency] through a referral, provided the referral does not lead to improper withholding under the *McGehee* test.") (citing *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)) (other citation omitted).

**CONCLUSION**

For the reasons stated above, the Court concludes that defendant has satisfied its disclosure obligations under the FOIA and is entitled to judgment as a matter of law.[5]  A separate final order accompanies this Memorandum Opinion.

                                                                                               /s/
                                                          ELLEN SEGAL HUVELLE
                                                          United States District Judge

Date:   February 14, 2012

---

[5]  On February 13, 2012, the Court permitted the filing of plaintiff's sur-reply, in which he seeks costs and fees but otherwise "stand[s] by [his] argument and reply of December 27, 2011 . . . ."  Because he is not a prevailing party, plaintiff is not entitled to costs and fees.